**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | | |
|---|---|---|
| EAST/WEST INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | No. 06-563C |
| | ) | (Judge Futey) |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| REGENT MFG., INC., | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY**

## INTRODUCTION

This action concerns a contract awarded by the United States Air Force to Regent Manufacturing ("Regent") for the development and production of a specialized crane. The United States filed the administrative record in this action on August 18, 2006. A week earlier, plaintiff, East/West Industries, Inc. ("East/West"), filed a motion seeking the production of documents, a deposition of the Air Force's contracting officer, depositions of four other Air Force employees, and a deposition of Regent's manager of military products. Mot. for Leave to Take Limited Discovery at 2-3 ("Mot. at __"). East/West seeks this "limited" discovery to obtain information that was neither before the Air Force evaluation team, nor required to be evaluated under the Air Force's request for proposals ("RFP"). East/West's motion should be denied.

## PROCEDURAL BACKGROUND

On May 12, 2004, the Air Force published an RFP for the development and production of up to 360 multi-aircraft canopy cranes. Compl. ¶ 5; AR14, 15, 169. Five parties submitted offers. AR17. Ultimately, the Air Force determined that only three offers – those of Regent, East/West, and Goodcrane – were technically acceptable. AR17-18; see also AR1075 (agreeing to reevaluate offers from Regent, East/West and one other offeror).

On September 26, 2005, the Air Force awarded the contract to Regent. AR14, 18. East/West protested the award before the Government Accountability Office ("GAO"). Id. Upon receiving the protest, though not agreeing with the points raised by East/West, the Air Force agreed to conduct a reevaluation of the respective proposals. AR14, 18, 1075. Accordingly, East/West's protest was dismissed. Id.

A new contracting officer was appointed and a new evaluation team was assembled. See AR14, 18. Upon completing the reevaluation, the Air Force again concluded that Regent's offer was the best value to the Government. AR18. The Air Force confirmed the contract's award to Regent on April 18, 2006. AR14, 18.

Once more, East/West filed a GAO protest challenging the manner in which the respective offers had been evaluated. See AR1, 18. On July 20, 2006, the GAO rejected East/West's protest. AR1212. Most significantly for purposes of this motion, the GAO found that the Air Force had appropriately evaluated the past performance of both Regent and East/West, that the Air Force had no obligation to obtain and consider "outside information" potentially bearing upon past performance, and that there was no basis for concluding that

incidents raised by East/West concerned "quality deficiencies or latent defects" that Regent was required to report. See AR1213-21.

After losing its GAO protest, East/West filed this action. On August 9, 2006, the Court entered an order establishing a schedule for briefing motions for judgment upon the administrative record. Order of Judge Futey (Aug. 9, 2006). Two days later – and one week before the administrative record was to be filed – East/West filed the pending motion seeking leave to take discovery. East/West asks that it be allowed to take depositions of the contracting officer, other Air Force personnel, and Regent's manager of military projects, as well as seek document discovery from the Air Force. The United States opposes East/West's motion.

## ARGUMENT

### I. Standard of Review

Discovery outside the administrative record is the exception rather than the rule in bid protests. Stapp Towing Co. v. United States, 34 Fed. Cl. 300, 307-08 (1995). In judicial review pursuant to the standards in the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, "[t]he focal point . . . should be the administrative record already in existence, not some new record made initially in the reviewing court." Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985); Camp v. Pitts, 411 U.S. 138, 142 (1974). Discovery "normally would not be likely to lead to relevant evidence given the truncated nature of the court's review." Cubic Applic'n, Inc. v. United States, 37 Fed. Cl. 339, 344 (1997) (citing CACI Field Serv., Inc. v. United States, 12 Cl. Ct. 680, 684 (1987)).

The Court will make exceptions to this rule when plaintiffs demonstrate that the agency record is materially incomplete or ambiguous, or raises especially complex technical or factual

issues. E.g., Four Points by Sheraton v. United States, 63 Fed. Cl. 341, 344-45 (2005); Beta Analytics Int'l, Inc. v. United States, 61 Fed. Cl. 223, 225-26 (2004); Aero Corp. v. United States, 38 Fed. Cl. 739, 746 (1997) (Futey, J.); Cubic Applic'n, 37 Fed. Cl. at 342-44. However, pursuant to the APA and this Court's precedent, "absent a strong preliminary showing of bad faith, it is improper to permit inquiry into the mental processes or method by which an administrative decision maker reached his conclusions." Cochran v. United States, 3 Cl. Ct. 3, 4 (1983) (emphasis added) (citing Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971), and United States v. Morgan, 313 U.S. 409, 421-22 (1941)); see also Beta Analytics, 61 Fed. Cl. at 226 ("Innuendo or suspicion is not enough to demonstrate bad faith and thus justify discovery."). Indeed, the Federal Circuit has ruled that any inquiry into the contracting officer's mental decisionmaking process is inappropriate. Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1339 (2001) (ruling that a deposition was only allowable to place upon the record the basis for the contracting officer's responsibility decision, of which there was no record).

The well-known standard for establishing bad faith upon the part of Government employees is "well-nigh irrefragable proof." E.g., Labat-Anderson, Inc. v. United States, 42 Fed. Cl. 806, 849 (1999); Knotts v. United States, 128 Ct. Cl. 489, 500, 121 F. Supp. 630, 631 (1954); see also Am-Pro Protective Agency, Inc. v. United States, 281 F.3d 1234, 1240 (Fed. Cir. 2002) (equating "well-nigh irrefragable proof" with clear and convincing evidence). Plaintiff must establish convincingly that actions were taken with a "specific intent to harm" it. Myers Investig. & Secur. Serv., Inc. v. United States, 47 Fed. Cl. 605, 619 n.36 (2000). Such evidence must be sufficiently compelling to overcome the strong presumption that Government

employees act "conscientiously in the discharge of their duties." Librach v. United States, 147 Ct. Cl. 605, 612 (1959); see also Four Points, 63 Fed. Cl. at 344 (the plaintiff "must (1) make a threshold showing of either a motivation for the Government employee to have acted in bad faith or of conduct that is hard to explain absent bad faith, and (2) persuade the Court that discovery could lead to evidence which would provide the level of proof sufficient to overcome the presumption of regularity and good faith") (emphasis in original); Beta Analytics, 61 Fed. Cl. at 226 (same).

## II. The Court Should Deny East/West's Motion For Discovery

East/West makes a number of arguments about why it supposedly needs discovery. See Mot. at 4-5 (citing Pikes Peak Family Housing v. United States, 40 Fed. Cl. 673, 677 (1998)). Each of East/West's arguments is without factual support and none warrant allowing discovery in this bid protest.

### A. The Administrative Record Is Comprehensive And Complete

East/West argues that the administrative record is incomplete. See Mot. at 4 (the agency record does "not include all information known by the evaluators"). It is unclear what basis East/West had for making such an argument a week before the administrative record was compiled and filed. In any event, the administrative record submitted to the Court on August 18, 2006 is comprehensive and complete. The administrative record contains all information that was before the Air Force evaluation team, as well as submissions tendered in East/West's GAO protest. The contracting officer has certified the record's completeness.[1] AR4976. As the Court

[1] The contracting officer's certification was inadvertently omitted from the CD-Rom filed in this action. The United States has filed an unopposed motion to add the certification to the administrative record, which is pending before the Court.

explained in Aero, "[c]learly, defendant cannot be compelled to produce that which does not exist." 38 Fed. Cl. at 412.

**B. Discovery About Information That Was *Not* Before The Evaluation Team Should Be Denied**

East/West asserts that it needs discovery to determine "why the evaluators and other procurement officials failed to consider information available to them about problems with Regent's cranes." Mot. at 4. In essence, East/West contends that the Air Force should have sought out other information on past performance in addition to the information obtained and reviewed by the Air Force evaluation team and, moreover, that East/West is entitled to broad discovery to determine what additional information the Air Force might have obtained.

The manner in which information relating to past performance was to be compiled and evaluated is set forth in the RFP. AR206-08. In accordance with the RFP, Air Force evaluators reviewed "past performance as reflected in customer questionnaires, available quality deficiency reports (QDR), contractor performance assessment reports (CPARS), the past performance evaluation retrieval system (PPIRS), and contract administration services (MOCAS) records." AR1218. East/West does not assert that the Air Force failed to comply with any specific RFP provision. Nor does East/West identify any provision that required the Air Force to obtain additional past performance information. To the extent that East/West is objecting to the absence of such a provision in the RFP, its objection comes too late. Blue & Gold Fleet, LP v. United States, 70 Fed. Cl. 487, 513 (2006) ("Failure to protest to a problem with the solicitation leaves the agency little option other than to follow the procedure mandated for competitive bids.") (internal quotes omitted). To the extent that East/West seeks discovery about the contracting officer's reasoning for not pursuing avenues that might (or might not) have led to

additional past performance information, East/West runs afoul of the general prohibition on "inquiry into the mental processes of administrative decisionmakers." Aero, 38 Fed. Cl. at 412 ("it is improper for the court to permit such inquiry" "absent a strong showing of bad faith on the part of the procuring officials") (citing cases); see also Beta Analytics, 61 Fed. Cl. at 226 (the plaintiff must present evidence of a motive for acting in bad faith or conduct that cannot reasonably be explained absent bad faith).

The Air Force obtained and evaluated information about past performance from various sources in accordance with the RFP. See AR1218. This information is included in the administrative record. See, e.g., AR1076-107. Accordingly, East/West's request for discovery should be denied.

**C. No Discovery Regarding Alleged Non-Disclosures By Regent Is Warranted**

East/West contends that Regent failed to "identify all latent defects in their cranes" in their submissions to the Air Force and suggests that the Air Force may have disregarded Regent's non-disclosure. Mot. at 3; see also id. at 5 (citing the "third and fifth factors" in Pikes Peak). East/West provides no support for these conclusory allegations – allegations that were considered and rejected by the GAO. AR1220 ("There is no basis for concluding that the[] incidents identified [by East/West] represented latent defects or quality deficiencies that Regent was required to report.").

The RFP states that "[i]t is not presumed that the offerors performance has been perfect." AR207. Rather, proposals were to "contain evidence of the offeror's ability to isolate the root causes of problems and [describe] actions taken to resolve those root causes." Id. Regent's offer

did just that. See AR1220 (noting that Regent disclosed a one-time welding error and the steps taken to prevent its recurrence).

East/West nevertheless asks that this Court allow it to embark upon a fishing expedition to determine if the Air Force learned of any undisclosed defects and, if so, failed to take action against Regent. See Mot. at 5. In bid protest actions discovery should not be (and is not) allowed as a matter of course. See Cubic, 37 Fed. Cl. at 344. This is because "[t]he focal point for judicial review 'should be the administrative record already in existence, not some new record made initially by the reviewing court.'" Id. at 342 (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973), and Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985)). Indeed, where a plaintiff requests discovery based strictly upon unsupported allegations and innuendo, "[t]o hold otherwise 'would be opening a Pandora's box of frivolous lawsuits [that would] unduly burden agency actions.'" Aero, 38 Fed. Cl. at 412; Beta Analytics, 61 Fed. Cl. at 226 ("Innuendo or suspicion is not enough to demonstrate bad faith and thus justify discovery."). East/West's request for discovery should be denied.

### D. East/West Has Made No "Strong Preliminary Showing" Of Bad Faith Justifying Discovery

Lastly, East/West asserts that "certain [unnamed] officials at Warner Robins AFB arbitrarily opposed the award of any contract to East/West" and that this "was the motivating factor in the selection of Regent." Mot. at 5. East/West, once again, offers no support for this bare assertion of bad faith.

It is well-established that Government officials are entitled to a strong presumption of good faith. Galen Medical Assocs., Inc. v. United States, 369 F.3d 1324, 1331 (Fed. Cir. 2004) ("we assume that the government acts in good faith while contracting and a protester needs

'well-nigh irrefragable proof' that the government had an intent to injure it to overcome this presumption."). Indeed, for 50 years, the Federal Circuit "and its predecessor have repeated that we are 'loath to find to the contrary [of good faith], and it takes, and should take, well-nigh irrefragable proof to induce us to do so.'" Am-Pro, 281 F.3d at 1239 (quoting Schaefer v. United States, 633 F.2d 945, 948-49 (Ct. Cl. 1980), and citing Grover v. United States, 200 Ct. Cl. 337, 344 (1973); Kalvar Corp. v. United States, 543 F.2d 1298, 1302 (Ct. Cl. 1978); Torncello v. United States, 681 F.2d 756, 770 (Ct. Cl. 1982); T & M Distribs., Inc. v. United States, 185 F.3d 1279, 1285 (Fed. Cir.1999)) (brackets in original). Accordingly, in the absence of "a strong preliminary showing of bad faith, it is improper to permit inquiry into the mental processes or method by which an administrative decision maker reached his conclusions." Cochran, 3 Cl. Ct. at 4; accord Four Points, 63 Fed. Cl. at 412; Aero, 38 Fed. Cl. at 412; see also Beta Analytics, 61 Fed. Cl. at 226 ("allegations of bad faith must rest on a strong evidentiary footing to overcome the normal presumption of regularity and good faith conduct by agency officials"). East/West makes no "strong preliminary showing" of bad faith. Put differently, East/West's unsupported allegation of bad faith provides no basis for allowing discovery in this action.

## CONCLUSION

For these reasons, we respectfully request that the Court deny East/West's motion for leave to take discovery.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0277

Attorneys for Defendant

Dated: August 28, 2006

**CERTIFICATE OF FILING**

I hereby certify that on 28th day of August, 2006, a copy of "DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington