**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | | |
|---|---|---|
| EAST/WEST INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | No. 06-563C |
| | ) | (Judge Futey) |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| REGENT MFG., INC., | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST**
**MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

## INTRODUCTION

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this response in opposition to plaintiff's first motion to supplement the administrative record. The supplemental documents to which the United States objects – transcripts of two September 2006 depositions – were not before the Air Force at the time of its re-evaluation and are not relevant to the agency's decision-making process. In fact, the individuals deposed had no role in the re-evaluation. Consequently, supplementing the administrative record will not aid the Court in understanding the basis for Air Force's decision.

The administrative record, as supplemented by the United States on October 6, 2006, is thorough, complete, and provides the Court and the parties the necessary information to

determine whether the re-evaluation of offers conducted by the Air Force in early 2006 was reasonable and in accordance with law. East/West's motion should, therefore, be denied.

**ARGUMENT**

**I. Standard Of Review**

A court's review of a bid protest should be based upon an examination of the materials that were developed and considered by the agency in making its decision. Aero Corp. v. United States, 38 Fed. Cl. 408, 410 (1997). Therefore, in these cases, courts generally confine themselves to the administrative record developed by the agency. Murakami v. United States, 46 Fed. Cl. 731, 734 (2000); Rust Constructors Inc. v. United States, 49 Fed. Cl. 490, 496 (2001). The administrative record consists of the materials and files that were before the agency at the time the agency's decision was made. Dismas Charities, Inc. v. United States, 61 Fed. Cl. 191, 198-99 (2004). The administrative record generally should not include materials created or obtained subsequent to the time the agency decided to take the challenged action because such materials could not have been considered by the agency in making its decision. Id.

In extremely limited circumstances, courts have supplemented the administrative record where it is deemed necessary to preserve meaningful judicial review. Rust Constructors, 49 Fed. Cl. at 496. Supplementation may be appropriate: (1) when an agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take

action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage. Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989). These exceptions are based upon necessity and are only triggered when the omission of extra-record evidence would preclude effective judicial review. Id.

East/West does not address the standard for supplementing the administrative record, much less establish that the proposed supplementation is necessary to preserve meaningful judicial review. Accordingly, East/West's motion should be denied.

**B. East/West Has Failed To Demonstrate That Transcripts Of The Minton And Hammonds Depositions Should Be Added To The Administrative Record**

East/West seeks to add two deposition transcripts to the administrative record. These depositions were taken by leave of Court to address e-mails exchanged on September 12, 2005. Order of Judge Futey at 1 (Sept. 11, 2006). The depositions revealed that Joe Hammonds and Teresa Minton had no involvement in the re-evaluation of offers that is the subject of this protest. Moreover, East/West's motion does not seek to present testimony about the September 12, 2005 exchange of e-mails – the only subject upon which the Court authorized discovery. Id.

**1. The Hammonds Deposition Transcript**

Mr. Hammonds was a member of the Air Force's original evaluation team. He had no involvement in the re-evaluation of offers that occurred in early 2006 and culminated in an award to Regent on April 20, 2006. Hammonds Dep. at 31 (attached as Exhibit A). Consequently, none of Mr. Hammond's testimony is relevant to the issues before the Court in this protest.

East/West's motion fails to identify any testimony by Mr. Hammonds that relates to its protest of the April 20, 2006 contract award to Regent. See Mot. To Supplement at 1-3. Having failed to establish any basis for including testimony from Mr. Hammonds in the administrative record, East/West's motion with respect to the Hammonds transcript should be denied.

**2. The Minton Deposition Transcript**

The Court should also deny East/West's motion with respect to the Minton transcript. The Court allowed the deposition of Ms. Minton strictly to explain "the exchange of e-mails on September 12, 2005, between 12:33 p.m and 1:58 p.m." Order of Judge Futey at 1 (Sept. 11, 2006). In seeking discovery, East/West suggested that Ms. Minton had been ordered to change the award from East/West to Regent. See Pl.'s Reply To Take Limited Discovery at 2 (filed Aug. 31, 2006). At her deposition, however, Ms. Minton explained that no change in the evaluation of offers occurred on September 12, 2005. Rather, she testified clearly and unequivocally that she had attached the wrong document – an early draft decision – to her 12:33 p.m. e-mail. Minton Dep. at 54-55, 58-59, 76. The second e-mail, which was sent at 1:58 p.m., corrected this error by providing the current draft source selection document. Id. East/West does not seek to supplement the administrative record to put this explanation before the Court. See Mot. To Supplement at 1-3. Indeed, any reference to Ms. Minton's testimony about these e-mails is conspicuously absent from East/West's motion.

Instead, attempting to establish some basis for adding to the administrative record testimony that relates solely to the Air Force's original evaluation, East/West argues that the Air Force's re-evaluation was "a farce." Mot. To Supplement at 2. As support for this serious accusation, which is contradicted by numerous documents in the administrative record, see, e.g.,

AR18-19, 1076-145, East/West simply cites to allegations in its own complaint. Mot. To Supplement at 2 (citing Complaint ¶¶ 28-29). Plainly, however, "arguments of counsel cannot take the place of evidence lacking in the record." Estee Lauder, Inc. v. L'oreal S.A., 129 F.3d 588, 595 (Fed. Cir. 1997). Having presented no evidence, much less clear and convincing evidence, that the re-evaluation was conducted in bad faith, East/West has established no predicate for supplementing the record with testimony about the original evaluation of offers. Furthermore, any supplementation of the record should be limited to Ms. Minton's explanation of the e-mail exchange on September 12, 2005 – the only discovery authorized by the Court's September 11, 2006 order.[1]

East/West also suggests that the Minton deposition should be included because it includes information "derived from a report prepared by the technical evaluators." Mot. To Supplement at 2. The administrative record contains various drafts of the Air Force's technical evaluation. E.g., AR916-33, 4979-82. East/West may properly rely upon these documents. If East/West believes that a document has been inadvertently omitted from the administrative record, it should inform undersigned counsel.[2] However, East/West's veiled suggestion that the administrative record is missing some unidentified technical evaluation provides no basis for

---

[1] Over the objection of counsel, East/West persisted in questioning Ms. Minton about matters beyond the scope of the Court's September 11, 2006 order. At most, any supplementation should be limited to that discovery authorized by the Court's order. Those pages from the Minton deposition that explain the e-mail exchange on September 12, 2005 are attached to this motion as Exhibit B.

[2] The United States in fact asked East/West (and Regent) to identify any documents that may have been omitted from the administrative record. In a subsequent letter, East/West identified several documents (including one technical evaluation), which the United States recently added to the administrative record. See Def.'s Unopposed Mot. to Supplement the Administrative Record (filed Oct. 6, 2006).

supplementing the record with different and unrelated documents such as Ms. Minton's deposition transcript. Accordingly, the Court should deny East/West's motion to add the Minton deposition transcript to the administrative record.

**CONCLUSION**

For these reasons, we respectfully request that the Court deny East/West's motion for leave to supplement the administrative record.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0277

Attorneys for Defendant

Dated: October 12, 2006

**CERTIFICATE OF FILING**

I hereby certify that on 12th day of October, 2006, a copy of "DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David A. Harrington