**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | | |
|---|---|---|
| EAST/WEST INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | No. 06-563C |
| | ) | (Judge Futey) |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| REGENT MFG., INC., | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

**INTRODUCTION**

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this response in opposition to plaintiff's second motion to supplement the administrative record. The supplemental document to which the United States objects – the transcript of a September 2006 deposition – was not before the Air Force at the time of its re-evaluation and is not relevant to the agency's decision-making process. In fact, the individual deposed had a *de minimus* role in the re-evaluation and that fact is accurately reflected in the current administrative record. Consequently, supplementing the administrative record will not aid the Court in understanding the basis for Air Force's decision.

The administrative record, as supplemented by the United States on October 6, 2006, is thorough, complete, and provides the Court and the parties the necessary information to

determine whether the re-evaluation of offers conducted by the Air Force in early 2006 was reasonable and in accordance with law. East/West's motion should, therefore, be denied.

## ARGUMENT

### I. Standard Of Review

A court's review of a bid protest should be based upon an examination of the materials that were developed and considered by the agency in making its decision. Aero Corp. v. United States, 38 Fed. Cl. 408, 410 (1997). Therefore, in these cases, courts generally confine themselves to the administrative record developed by the agency. Murakami v. United States, 46 Fed. Cl. 731, 734 (2000); Rust Constructors Inc. v. United States, 49 Fed. Cl. 490, 496 (2001). The administrative record consists of the materials and files that were before the agency at the time the agency's decision was made. Dismas Charities, Inc. v. United States, 61 Fed. Cl. 191, 198-99 (2004). The administrative record generally should not include materials created or obtained subsequent to the time the agency decided to take the challenged action because such materials could not have been considered by the agency in making its decision. Id.

In extremely limited circumstances, courts have supplemented the administrative record where it is deemed necessary to preserve meaningful judicial review. Rust Constructors, 49 Fed. Cl. at 496. Supplementation may be appropriate: (1) when an agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take

action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage. Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989). These exceptions are based upon necessity and are only triggered when the omission of extra-record evidence would preclude effective judicial review. Id.

East/West neither addresses the standard for supplementing the administrative record, nor establishes that the proposed supplementation is necessary to preserve meaningful judicial review. Accordingly, East/West's motion should be denied.

## II. East/West Has Failed To Demonstrate That Transcripts Of The Moore Deposition Should Be Added To The Administrative Record

East/West seeks to add the deposition transcript of Elaine Moore to the administrative record. This deposition was taken by leave of Court on September 29, 2006. Order of Judge Futey at 1 (Sept. 22, 2006). The deposition merely confirmed what is established by documents in the administrative record, namely, that Ms. Moore was not a member of the Air Force's evaluation team and had virtually no involvement in the re-evaluation in early 2006 that is the proper subject of this bid protest.

The sole basis for supplementing the administrative record given by East/West is the claim that Ms. Moore "admits that her involvement was the primary reason for the selection of Regent rather than East/West." Pl.'s Mot. at 1. This allegation is unsupported, is contradicted by documents in the administrative record, and is contrary to Ms. Moore's own testimony.

East/West cites no document or testimony that Ms. Moore was the primary reason for the selection of Regent. To the contrary, the administrative record establishes that Ms. Moore's role in the April 2006 award was *de minimus*. See AR4983-85. This is confirmed by Ms. Moore's testimony. Ms. Moore explained that she was not a member of the evaluation team. Moore Dep.

at 97, 100. Rather, she works for the acquisition center for excellence, Moore Dep. at 6-7, and her role there is purely advisory, id. at 97-98. She cannot require a particular contract award, direct changes to source selection documents, or require the contracting officer to take any action whatsoever. Id. With respect to the April 2006 award, Ms. Moore merely read over the March 2006 PCAG report and the April 2006 source selection decision. AR4983-85; Moore Dep. at 68. Because Ms. Moore was not a member of the evaluation team, because Ms. Moore had no effect upon the April 2006 award decision, and because the administrative record already reflects Ms. Moore's role, see AR4983-85, there exists no reason to add the Moore deposition transcript to the administrative record.

To the extent that East/West is seeking to supplement the record to add testimony about the September 2005 award, its motion should be denied. The September 2005 award is irrelevant because the Air Force conducted a re-evaluation of offers following East/West's October 2005 GAO bid protest. E.g., AR1139-46. East/West has previously argued that the Air Force re-evaluation was "a farce." E.g., Pl.'s First Mot. To Supplement at 2. But East/West has never offered any evidentiary support for this serious accusation, which is contradicted by numerous documents in the administrative record, see, e.g., AR18-19, 1076-145, much less established that the Air Force conducted the re-evaluation in bad faith. Consequently, East/West's motion to supplement the administrative record should be denied.

**CONCLUSION**

For these reasons, we respectfully request that the Court deny East/West's second motion for leave to supplement the administrative record.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0277

Attorneys for Defendant

Dated: October 23, 2006

**CERTIFICATE OF FILING**

I hereby certify that on the 23rd day of October, 2006, a copy of “DEFENDANT’S RESPONSE TO PLAINTIFF’S SECOND MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/ David A. Harrington