**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**Bid Protest**

| | | |
|---|---|---|
| EAST/WEST INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | No. 06-563C |
| | ) | (Judge Futey) |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| REGENT MFG., INC., | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD**
**MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

## INTRODUCTION

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this response in opposition to plaintiff's third motion to supplement the administrative record. The supplemental documents to which the United States objects are briefs submitted by East/West to the Government Accountability Office as part of its first protest in October 2005. Argument of counsel is not evidence. Because East/West's GAO briefs were (properly) not considered by the Air Force as part of its re-evaluation of proposals in early 2006, East/West's GAO briefs are not relevant to the agency's decision-making process. Consequently, supplementing the administrative record will not aid the Court in understanding the basis for Air Force's decision.

The administrative record, as supplemented by the United States on October 6, 2006, is thorough, complete, and provides the Court and the parties the necessary information to

determine whether the re-evaluation of offers conducted by the Air Force in early 2006 was reasonable and in accordance with law. East/West's motion should, therefore, be denied.

## ARGUMENT

### I. Standard Of Review

A court's review of a bid protest should be based upon an examination of the materials that were developed and considered by the agency in making its decision. Aero Corp. v. United States, 38 Fed. Cl. 408, 410 (1997). Therefore, in these cases, courts generally confine themselves to the administrative record developed by the agency. Murakami v. United States, 46 Fed. Cl. 731, 734 (2000); Rust Constructors Inc. v. United States, 49 Fed. Cl. 490, 496 (2001). The administrative record consists of the materials and files that were before the agency at the time the agency's decision was made. Dismas Charities, Inc. v. United States, 61 Fed. Cl. 191, 198-99 (2004). The administrative record generally should not include materials created or obtained subsequent to the time the agency decided to take the challenged action because such materials could not have been considered by the agency in making its decision. Id.

In extremely limited circumstances, courts have supplemented the administrative record where it is deemed necessary to preserve meaningful judicial review. Rust Constructors, 49 Fed. Cl. at 496. Supplementation may be appropriate: (1) when an agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take

action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage. Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989). These exceptions are based upon necessity and are only triggered when the omission of extra-record evidence would preclude effective judicial review. Id.

East/West neither addresses the standard for supplementing the administrative record, nor establishes that the proposed supplementation is necessary to preserve meaningful judicial review. Accordingly, East/West's motion should be denied.

**II. East/West Has Failed To Demonstrate That Transcripts Of The Moore Deposition Should Be Added To The Administrative Record**

East/West seeks to add its own GAO briefs objecting to the September 2005 award to the administrative record. This first GAO protest was dismissed, AR1075, and a re-evaluation of proposals was conducted by a new evaluation team headed by a new contracting officer, see AR1139-45.

East/West provides two arguments in support of its motion. First, East/West asserts that its GAO briefs need to be added to the administrative record to provide a "complete understanding of the issues and history surrounding this" bid protest. Pl.'s Mot. at 2. There are, however, no gaps in the administrative record that need to be filled. The administrative record, as it currently stands, fully documents the procedural history of this matter. See, e.g., AR15-19 (describing the chronology of events from issuance of the solicitation in May 2004 through East/West second GAO protest in May 2006); AR1075 (documenting dismissal of the October 2005 GAO protest and the agreed corrective action).

Second, East/West argues that its GAO briefs "catalog serious problems with Regent's past crane designs." Pl.'s Mot. at 2. It is well-established, however, that "arguments of counsel

cannot take the place of evidence lacking in the record." Estee Lauder, Inc. v. L'oreal S.A., 129 F.3d 588, 595 (Fed. Cir. 1997). East/West's GAO briefs, being simply arguments made by East/West's counsel, do not constitute substantive evidence. Id. Thus, East/West cannot use its own arguments to the GAO as factual support for the arguments in this protest.

East/West has established no basis for adding GAO briefs from a prior protest to the administrative record in this action, which concerns the Air Force's April 2006 award to Regent. East/West's motion to supplement the administrative record should, therefore, be denied.

## CONCLUSION

For these reasons, we respectfully request that the Court deny East/West's third motion for leave to supplement the administrative record.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

s/ David A. Harrington

DAVID A. HARRINGTON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 307-0277

Attorneys for Defendant

Dated: October 25, 2006

**CERTIFICATE OF FILING**

I hereby certify that on the 25th day of October, 2006, a copy of “DEFENDANT’S RESPONSE TO PLAINTIFF’S THIRD MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/ David A. Harrington